UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MICHELLE MAROTTO,**

    **Plaintiff,**

v.                                            Case No.  8:08-cv-1375-T-30MSS

**SCOTTSDALE INSURANCE COMPANY,**

    **Defendant.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss Count II of Plaintiff's Complaint (Dkt. #4), and Plaintiff's Response to Defendant's Motion to Dismiss and Memorandum of Law (Dkt. #6).  The Court, having considered the motion, response, memoranda, complaint, and being otherwise advised in the premises, concludes that Defendant's motion should be granted.

**Motion to Dismiss Standard Under 12(b)(6).**

To warrant dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackston v. State of Alabama*, 30 F.3d 117, 120 (11th Cir. 1994), quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and to evaluate all inferences derived from those facts in the light most favorable to the plaintiff.  *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483

(11th Cir. 1994). To survive a motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1960 (2007). The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. *See Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Ct. at 1959.

## Discussion.

Defendant argues that Count II of Plaintiff's Complaint seeking declaratory relief should be dismissed for failure to state a cause of action because it fails to allege facts that would entitle Plaintiff to assert a cause of action under Florida's Declaratory Judgment Act. Specifically, Defendant argues that Plaintiff has not alleged that the language in the insurance contract at issue is ambiguous or otherwise needs to be interpreted. Defendant suggests that Plaintiff is impermissibly seeking an advisory opinion from the Court.

In response, Plaintiff argues that there is no requirement under Chapter 86 of the Florida Statutes indicating that a party must plead that the contract is ambiguous or otherwise needs to be interpreted by a court. Plaintiff contends that she has properly asserted a claim for declaratory relief by alleging that she is "insecure, uncertain, and in doubt with respect

to her rights, and status of other equitable or legal responsibilities under the insurance contract."[1]

Pursuant to 28 U.S.C. § 2201(a), a district court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. The Declaratory Judgment Act "confer[s] on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995). However, "[i]t only gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so." *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005). While district courts may not decline to hear actions for declaratory relief "on the basis of whim or personal disinclination," the standard is clearly generous. *Angora v. Condo. Ass'n of Lakeside Village, Inc.*, 796 F.2d 384, 387 (11th Cir. 1986).

Plaintiff's home has been damaged as a result of sinkhole activity. In support of Count II, Plaintiff claims that she is in doubt as to the proper subsurface repairs that will be required in order to return her property to its pre-loss condition. Such issues, however, will be considered and resolved by this Court's consideration of Plaintiff's breach of contract action contained in Count I. It does not appear necessary for this Court to also provide declaratory relief to determine whether the repairs proposed by Defendant appear to be inadequate to restore her home to its pre-loss structural condition. If Plaintiff can identify

---

[1] Dkt. #2, Complaint, Count II, Paragraph 35.

a collateral issue that will not be resolved in the breach of contract action, then Plaintiff may move for leave of Court to amend her complaint to assert such issue.

Accordingly, the Court concludes that Defendant's motion to dismiss should be granted without prejudice with leave to amend.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss Count II of Plaintiff's Complaint (Dkt. #4) is **GRANTED**.

2. Count II of Plaintiff's Complaint is **DISMISSED** without prejudice.

**DONE** and **ORDERED** in Tampa, Florida on July 30, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2008\08-cv-1375.mtd 4.wpd